UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 13–342 DSF (OPx) | Date | 6/25/13 |
|---|---|---|---|
| Title | Edward D. Testo, et al. v. Bank of America, N.A., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|
| Debra Plato | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING IN PART and DENYING IN PART Defendants' Motion to Dismiss (Docket No. 9)

## I. INTRODUCTION[1]

Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP (Bank of America), Countrywide Home Loans, Inc., and Countrywide Financial Corporation move to dismiss the Second Amended Complaint (SAC) of Edward D. Testo and Linda S. Testo. The SAC includes claims for violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* and the California Consumer Credit Reporting Agencies Act (CCRAA), Cal. Civ. Code § 1785.25. Plaintiffs also bring state law claims for libel and slander, and violation of California Business and Professions Code §§ 17200 (UCL) and 17530 (UCL False Advertising).

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (alteration in

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7–15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

original) (internal quotation marks omitted). But Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at 94. However, allegations contradicted by matters properly subject to judicial notice or by exhibit need not be accepted as true, Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. (alteration in original) (internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Ruling on a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Id. at 1950 (alteration in original) (citation and internal quotation marks omitted).

"Normally, when a viable case may be pled, a district court should freely grant leave to amend." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011). Leave to amend should be granted even if the plaintiff did not request leave, unless it is clear that the complaint cannot be cured by the allegation of different or additional facts. Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

### III. DISCUSSION

#### A. FCRA

"[T]o ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to CRAs, called 'furnishers' in the statute." Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009) (citation and footnote omitted). "Section 1681s–2(b) imposes . . . duties on furnishers of information." Id. at 1154. These duties include *inter alia* the duty to modify, delete, or permanently

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

block the reporting of information the furnisher finds to be "inaccurate or incomplete." 15 U.S.C. § 1681s–2(b)(1)(E).

A furnisher's duties "are triggered only after 'receiving notice pursuant to' § 1681i(a)(2), under which a CRA provides a 'notification' to a furnisher which includes 'all relevant information' regarding the dispute." Drew v. Equifax Info. Servs., LLC, 690 F.3d 1100, 1106 (9th Cir. 2012) (quoting 15 U.S.C. § 1681–2(b)(B)).

On receiving notice from the CRA, "the creditor shall conduct 'an investigation with respect to the disputed information.'" Gorman, 584 F.3d at 1155 (quoting § 1681s–2(b)(1)(A)). This investigation must be completed "before the expiration of the period under section 1681i(a)(1) . . . within which the consumer reporting agency is required to complete actions required by that section regarding that information." 15 U.S.C. § 1681s-2(b)(2). Section 1681i(a)(1) mandates that the relevant time period is thirty days "beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." A "furnisher's investigation pursuant to § 1681s–2(b)(1)(A) may not be unreasonable." Gorman, 584 F.3d at 1157.

Plaintiffs have adequately alleged that they notified Experian of the claimed inaccuracies in their credit reports.[2] (SAC ¶ 19 & Ex. D.) They also adequately allege that they were "told" and were "informed" that Experian gave notice of their dispute in accordance with § 1681i(a)(2) to Bank of America and Countrywide. (Id. ¶ 20.) This allegation is sufficient to satisfy the requirements of Rule 8, Iqbal, and Twombly. In any event, whether Experian notified Bank of America and Countrywide in a manner sufficient to trigger its investigative duty is an issue best addressed on summary judgment. Plaintiffs' FCRA claim will not be dismissed.

### B. CCRAA

California Civil Code § 1785.25(a) mandates that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Plaintiffs allege that in May 2009 Bank of America and Countrywide began falsely reporting that they had failed to timely make a mortgage payment. (SAC ¶ 18.) Plaintiffs further allege that Bank of America and Countrywide willfully and negligently reported inaccurate information about their mortgage payments. (Id. ¶ 23.) They allege that Bank

---

[2] In paragraphs 19 and 20 the SAC, Plaintiffs allege that they "informed credit reporting agencies" about the inaccuracy of the statements regarding their account made by Bank of America and Countrywide. However, Exhibit D of the SAC, makes clear that they reported the inaccuracy to at least one credit reporting agency, Experian.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

of America and Countrywide "knew, or should have known" that the reported information "was incomplete and/or inaccurate." (Id. ¶ 23b.)

The CCRAA provides a private right of action to enforce section 1785.25(a). Cal. Civ. Code § 1785.25(g) ("A person who furnishes information to a consumer credit reporting agency is liable for failure to comply with this section, unless the furnisher establishes by a preponderance of the evidence that, at the time of the failure to comply with this section, the furnisher maintained reasonable procedures to comply with those provisions.") The FCRA does not preempt those sections of the CCRAA that provide a private right of action against furnishers. Gorman, 584 F.3d at 1173 ("the private right of action to enforce California Civil Code section 1785.25(a) is not preempted by the FCRA").

By its plain terms, the CCRAA permits a private right of action against Bank of America and Countrywide as furnishers of "information on a specific . . . experience to any consumer credit reporting agency . . . ." Cal. Civ. Code § 1785.25(a). See Gorman, 584 F.3d at 1169–1147 (permitting a CCRAA claim against a credit card issuer that furnished information regarding an allegedly erroneous and disputed charge that the plaintiff contended was inaccurate). When considering the detailed attachments to the SAC and Plaintiffs' allegations regarding Bank of America and Countrywide, the Court concludes Plaintiffs have sufficiently pleaded their CCRAA claim.

    C.    **Libel and Slander**

By its plain terms, the FCRA does not preempt Plaintiffs' libel and slander claims. FCRA preemption applies to "any action or proceeding in the nature of defamation . . . with respect to . . . any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Plaintiffs allege that Bank of America and Countrywide acted with "the intent to injure." (SAC ¶ 30.) They also allege that Bank of America and Countrywide "acted with . . . malice . . . by their callous disregard of Plaintiffs' complaints of accuracies" and that Bank of America and Countrywide "deliberately have inefficient procedures for correcting their collection files . . . ." (Id. ¶ 26.) These allegations are sufficient to satisfy the Rule 8(a) pleading requirements and to establish that the FCRA does not preempt their libel and slander claims.

    D.    **UCL Claims**

        1.    **UCL — Section 17200**

"The UCL 'borrows violations of other laws and treats them as unlawful practices

# MEMORANDUM

that the unfair competition law makes independently actionable.'" Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1140 (9th Cir. 2012) (quoting Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999) (citations and quotation marks omitted)). "Virtually any law — federal, state or local — can serve as a predicate for an action under Business and Professions Code section 17200." Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350, 1361 (citations and quotation marks omitted). As explained above, Plaintiffs have adequately pleaded claims for violation of the FCRA and CCRAA. Their § 17200 claims are therefore adequately pleaded.[3]

### 2. UCL False Advertising — Section 17530

California Business and Professions Code § 17530 states:

> It is unlawful for any person, firm, corporation, or association, or any employee or agent therefor, to make or disseminate any statement or assertion of fact in a newspaper, circular, circular or form letter, or other publication published or circulated, including over the Internet, in any language in this state, concerning the extent, location, ownership, title, or other characteristic, quality, or attribute of any real estate located in this state or elsewhere, which is known to be untrue and which is made or disseminated with the intention of misleading.

Section 17530 clearly requires the "statement or assertion of fact" to be made in "a newspaper, circular, circular or form letter, or other publication published or circulated . . . ." Plaintiffs have failed to allege the type of publication in which the "statement of assertion of fact is made" and whether that publication is of the type covered by § 17530. The § 17530 claim is dismissed without prejudice.

### E. Punitive Damages

Plaintiffs have alleged that Bank of America and Countrywide's "officers, directors or managing agents . . . personally acted with oppression, fraud, or malice." (SAC ¶ 5.) This allegation, along with other allegations in paragraph 5 of the SAC, is

---

[3] Plaintiffs' allegations regarding § 17200 are sufficient, though just barely, to meet the Rule 8(a) standard. While most of Plaintiffs' UCL allegations center on their § 17530 claims, they also allege that Defendants violated specific sections of the FCRA and CCRAA. (SAC ¶ 34.) These allegations are enough to provide Bank of America and Countrywide with fair notice of what the § 17200 claim is and the grounds for the claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

sufficient to support a claim under California Civil Code § 3294. Plaintiffs have also stated a claim for statutory punitive damages under the CCRAA. See Experian Info. Solutions, Inc. v. Super. Ct., 138 Cal. App. 4th 122, 132 (2006) (finding that a plaintiff "may be able to recover statutory '[p]unitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper' if she proves a 'willful violation' of the CCRAA" (quoting Cal. Civ. Code § 1785.31(a)(2)(B)). The motion to strike is denied.

### F.  Attorneys' Fees

Plaintiffs have stated a FCRA claim. The FCRA permits an award of attorneys' fees to a successful plaintiff. Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1336 (9th Cir. 1995); see also 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2). Plaintiffs have also adequately stated a CCRAA claim. The CCRAA also permits an award of attorneys' fees to a prevailing party. Guimond, 45 F.3d at 1336 (citing Cal. Civ. Code § 1785.31(d)). The motion to strike is denied.

### IV.  CONCLUSION

The motion to dismiss is GRANTED IN PART and DENIED IN PART. The § 17530 claim is dismissed with leave to amend. An amended complaint must be filed and served no later than July 17, 2013. Failure to file by that date will waive the right to do so. If no amended complaint is filed, the § 17530 claim will be dismissed with prejudice. The Court does not grant leave to add new defendants or new claims. Leave to add new defendants or new claims must be sought by a separate, properly noticed motion. Defendants' response will be due August 7, 2013.

IT IS SO ORDERED.